## FRIES v CINCINNATI ST. RY. CO.

Ohio Appeals, 1st Dist, Hamilton Co

No 5884. Decided Jan 27, 1941

Benjamin P. Pink, Cincinnati, for appellant.

C. R. Beirne, Cincinnati, for appellee.

**OPINION**

BY THE COURT:

The evidence in this record leaves in great doubt just what caused the plaintiff's injury. We are not at all sure that any conclusion on that subject would not be the result of pure speculation.

The trial court submitted the issues of negligence and contributory negligence to the jury and a general verdict for the defendant was returned.

Undoubtedly, the charge on the burden of proving contributory negligence was not couched in the clearest possible language. We cannot say that the rule stated is wrong, and, under such circumstances, we would not be justified in disturbing the verdict on that ground.

There is also another reason why we cannot reverse this judgment. As already stated, there were two issues submitted—negligence and contributory negligence. No claim is made that the issue of the defendant's negligence was not submitted properly and without error. We cannot say that the general verdict was not based on a finding that the evidence failed to prove that the defendant was negligent. In that situation, the two issue rule applies. **2 O. Jur. 777, et seq.**

We find no reversible error in the record, and for that reason, the judgment is affirmed.

MATTHEWS & ROSS, JJ., concur.

HAMILTON, PJ., Dissenting:

I cannot agree to an affirmance of this case.

I am of opinion that the doctrine of res ipsa loquitur is involved under the authority of **Glowacki v North Western Ohio Ry. & Power Co., 116 Oh St 451.**

In any event, it was the duty of the company's agent to use the highest degree of care to see that its passenger was permitted to alight from the car in safety. This was not done.

Further, the court gave to the jury an extended charge on contributory negligence, thus injecting into the case an issue not raised or supported by the evidence, and this charge was erroneous in some respects as found by this court.

The judgment should be reversed and the cause remanded for a new trial.